AMERICAN COAL MINING COMPANY *v.* LEWIS,
ADMINISTRATOR.

[No. 10,927.    Filed January 25, 1922.]

1. APPEAL.—*Review.—Ruling on Motion to Make Specific.*—The
   overruling of a motion to make a complaint more specific is
   not reversible error where it does not appear that appellant
   was harmed thereby.    p. 399.
2. APPEAL.—*Waiver of Error.—Briefs.*—Any error based on
   the action of the court in overruling a motion to require
   plaintiff to state facts to sustain certain conclusions alleged
   in the complaint is waived by appellant's failure to make any
   reference thereto in that part of its brief devoted to the state-
   ment of propositions or points.    p. 399.
3. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—
   Sufficiency.—Employers' Liability Act.*—In an action for the
   death of a servant, a complaint drawn under the Employers'
   Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914)
   alleging that it was decedent's duty "to go from place to place
   upon defendant's said premises to inspect machinery and equip-
   ment used by said defendant in carrying on its said business,
   and to inspect any repairs. being made to said machinery or
   equipment," *held* not demurrable on the ground that it showed
   that decedent was a foreman and vice-principal, and that it
   was his duty to see that proper equipment was provided to
   carry on the work safely, and, if not so conducted, to correct
   the method of performance; there being no allegations that
   it was decedent's duty to superintend or direct the work in
   any way, or that he had authority in that regard, nor any
   facts alleged from which such duty or authority could be
   properly inferred.    p. 399.

American Coal, etc., Co. *v.* Lewis, Admr.—77 Ind. App. 394.

4. MASTER AND SERVANT.—*Injuries to Servant.—Action under Employers' Liability Act.—Complaint.—Sufficiency.—Rejection of Workmen's Compensation Act.*—In an action under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) for the death of a servant, though the complaint did not expressly allege that defendant had filed notice of its rejection of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), but that fact was implied in a conclusion alleged in that regard, the complaint sufficiently showed such rejection, where defendant waived any error in overruling its motion to have facts stated to sustain such conclusion. p. 400.

5. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.—Assumption of Risk.—Employers' Liability Act.*—In an action under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) for the death of one employed in a mine as inspector of machinery and repairs, who was killed by failure of men engaged in repairing a hoist to secure dumping apparatus which they had detached from the cage while the repairs were being made, the complaint *held* not subject to demurrer on the ground of assumption of risk, in view of the provisions of such act abrogating the common-law rule of assumed risks. p. 400.

6. MASTER AND SERVANT.—*Injuries to Servant.—Workmen's Compensation Act.—Presumptions.*—In view of §2 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended by Acts 1917 p. 673, and §4, employers and employes are presumed to be bound by the provisions of that act until it is shown that they have taken the necessary action to be exempted therefrom as provided in §3, as to notice of exemption. p. 401.

7. MASTER AND SERVANT.—*Injuries to Servant.—Action under Employers' Liability Act.—Rejection of Workmen's Compensation Act.*—In an action for the death of a servant under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), in which plaintiff contended that defendant had elected to reject the provisions of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), a verdict for plaintiff cannot be sustained in the absence of evidence showing that defendant had taken the necessary steps to be exempted from the compensation act as provided in §3 thereof, as to notice of exemption. p. 402.

8. MASTER AND SERVANT.—*Injuries to Servant.—Employers' Liability Act.—Negligence.*—An action prosecuted under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) must be grounded on negligence. p. 403.

9. MASTER AND SERVANT.—*Injuries to Servant.—Injury by Failure to Discharge Delegated Duty.—Master's Liability.*—While an employer is bound to use ordinary care to make and keep the place in which his employes are required to work safe, and to use like care to furnish such tools and appliances as will enable them to perform their work safely, such rule has no application between a master and a servant employed by him to perform the duty which he owes to his other servants in this regard, where such servant is injured because of a failure on his part to discharge such duty. p. 403.

10. MASTER AND SERVANT.—*Injuries to Servant.—Injury to Vice-Principal by Failure to Perform Duties.—Master's Liability.*— While a servant may act in a dual capacity, and be regarded as a vice-principal in the performance of certain acts, and a mere fellow-servant of other employes in the performance of other acts, no right of action exists in his favor if injured while acting in the latter capacity because of his failure to perform a duty which he owed the master as vice-principal, and this is true though the action is brought under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914). p. 405.

11. MASTER AND SERVANT.—*Injuries to Servant.—Safety of Place to Work.—Master's Duty.—Degree of Care.*—The duty of the master with reference to furnishing his servants safe and suitable places and appliances in which and with which to work is limited to the exercise of ordinary or reasonable care in that regard, and it was error to instruct that a master is charged with the imperative duty of providing safe and suitable appliances and place to work. p. 406.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by Harry R. Lewis, administrator *de bonis non* of James Elmer Cross, deceased, against the American Coal Mining Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*W. R. Gardiner, C. K. Tharp, C. G. Gardiner* and *Woodson Tharp,* for appellant.

*Harry R. Lewis* and *Alvin Padgett,* for appelllee.

BATMAN, P. J.—This action is based on the alleged negligence of appellant, which it is claimed caused the death of appellee's decedent. The complaint is in two

paragraphs, both of which are drawn under the Employer's Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914. The first paragraph alleges in substance, among other things, that on December 19, 1915, appellant was engaged in mining coal, and had as a part of its plant used for that purpose a large amount of machinery, equipment and appliances, upon the surface of the earth about its said mine, which was kept in repair by appellant's employes; that on said day appellee's decedent was in the employ of appellant, and it was his duty, as such employe, "to go from place to place upon defendant's said premises to inspect the machinery and equipment used by said defendant in carrying on its said business, and to inspect any repairs being made to said machinery or equipment"; that on said date some of the employes of appellant were engaged in making repairs by placing a false or dumping bottom in one of its hoisting cages; that in making said repairs said employes detached certain parts of the dumping apparatus connected with said hoisting cage, and failed to secure them after being so detached, but carelessly and negligently left them in such position that they were liable to fall and injure appellant's employes as they proceeded with their work; that while said parts were in said insecure condition said decedent, in the discharge of his duties, went to inspect the work being done by appellant's said employes in making said repairs, and while so doing said unsecured parts of said dumping apparatus fell on said decedent and killed him; that the negligence of appellant's said employes in failing to properly secure said parts of said dumping apparatus was the direct, proximate and sole cause of the death of said decedent; that more than thirty days prior to the decedent's said injuries appellant duly excepted itself from the operation of the Indiana Workmen's Compensation Act, Acts 1915 p. 392, §8020l *et seq.* Burns'

Supp. 1918, by serving a printed notice, in substantially the form prescribed by the Industrial Board, personally on appellee's decedent, and by posting the same in a conspicuous place at its said mine. The second paragraph of the complaint is substantially the same as the first, except that it charges that the detached parts of the dumping apparatus, connected with the hoisting cage being repaired, could have been so chained or otherwise fastened that they would not have fallen, and that it was appellant's duty to furnish chains or other means for making said detached parts secure, in order that said decedent's working place might be made safe; that appellant negligently failed to furnish such chains or other means for said purpose, and that by reason of such negligence said detached parts of said dumping apparatus fell upon said decedent and killed him; that appellant's said negligence was the direct, proximate and sole cause of the death of said decedent. Appellant filed successive motions to require appellee to make his first paragraph of complaint more specific, and to state facts to sustain certain conclusions stated therein, each of which was overruled. It filed separate demurrers· to each of said paragraphs of complaint, which were also overruled. The complaint as a whole was answered by a general denial. A special answer was filed to the first paragraph of the complaint which alleged in substance, that the decedent was appellant's foreman and vice-principal, and as such had in his charge and under his control the workmen engaged in making the repairs described; that it was their duty to obey, and they did obey, the decedent in making such repairs; that in the performance of said work he was the sole representative of appellant, and that the same was performed solely in accordance with the orders and directions given by him; and that if there was any negligence in the performance thereof, resulting in his injuries, it was

solely his own negligence. To this affirmative answer a reply in general denial was filed. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and it is now prosecuting this appeal on an assignment of errors, which requires a determination of the questions hereinafter considered.

Appellant's assignment of errors is based in part on the actions of the court in overruling its motions to require appellee to make the first paragraph of his

1, 2. complaint more specific in certain particulars, and to require him to state facts to sustain certain conclusions alleged therein. The overruling of the motion first named is not reversible error, as it does not appear that appellant was harmed thereby. *Leimgruber* v. *Leimgruber* (1908), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593; *Board, etc.* v. *State, ex rel.* (1913), 179 Ind. 644, 102 N. E. 97; *Kinmore* v. *Cresse* (1913), 53 Ind. App. 693, 102 N. E. 403; *Adams Express Co.* v. *Welborn* (1915), 59 Ind. App. 330, 108 N. E. 163, 109 N. E. 420. Appellant has waived any error based on the action of the court in overruling the second motion named, by failing to make any reference thereto in that part of its brief devoted to the statement of propositions or points.

Appellant contends that the court erred in overruling its demurrer to each paragraph of the complaint. It cites the clause quoted above with reference to

3. the duties of appellee's decedent which appears in each paragraph of the complaint, and asserts that said clause clearly shows that it had delegated to said decedent the duty of superintending the work of repairing the cage in question, and had thereby made him its vice-principal in the performance of said work; that by reason of that fact it was his duty to see that proper

equipment was supplied to carry on the work safely, and if it was not so conducted it was his duty to correct the method of performance; that under these circumstances any failure in this regard on his part would not constitute negligence with which it would be chargeable in this action. Appellant's conclusion would be correct, if it could be held that the paragraphs of complaint show that appellee's decedent was a vice-principal as appellant contends. However, we cannot agree that said paragraphs show such fact. They merely allege that it was the duty of said decedent "to go from place to place upon defendant's said premises to inspect the machinery and equipment used by said defendant in carrying on its said business, and to inspect any repairs being made to said machinery or equipment." There are no allegations that it was his duty to superintend or direct the work in any way, or that he had any authority in that regard, and there are no facts alleged from which such duty or authority can be properly inferred. Therefore we cannot apply the rule for which appellant contends. Neither paragraph expressly alleges that appellant had filed notice of its rejection of the provisions of the Workmen's Compensation Act, *supra,* with the Industrial Board, but such filing is implied in the conclusion alleged in that regard, which is sufficient, since appellant has waived any error in overruling its motion to have facts stated to sustain such conclusion. In view of the provisions of the Employers' Liability Act, *supra,* under which this action is prosecuted, which abrogates the common-law rule of assumed risks, in so far as it applies to the particular risk of injury through the negligence of a fellow-servant, we find no sufficient reason on which to base a conclusion that the court erred in overruling the demurrer to either paragraph of the complaint. *J. Wooley Coal Co.* v. *Tevault* (1917), 187 Ind. 171, 118 N. E. 921, 119 N. E,

485; *Vandalia R. Co.* v. *Fry* (1919), 70 Ind. App. 85, 123 N. E. 124.

Appellant contends that the court erred in overruling its motion for a new trial. This contention must be sustained on the ground that the verdict is not sustained by sufficient evidence for the following reasons: The Workmen's Compensation Act, *supra,* makes the following provisions:·

"Section 2. From and after the taking effect of this act, every employer and every employe, except as herein stated, shall be presumed to have accepted the provisions of this act * * * unless he shall have given prior to any accident resulting in injury or death notice to the contrary in the manner herein provided. This act shall not apply to railroad employes engaged in train service." Acts 1917 p. 673.

"Sec. 3. * * * The notice of exemption * * * shall be given thirty days prior to any accident resulting in injury or death. * * * The notice shall be in writing or print in a substantial form prescribed by the Industrial Board, and shall be given by the employer by posting the same in a conspicuous place in the plant, shop, office, room or place where the employe is employed or by serving it personally upon him; * * * a copy of the notice in prescribed form shall also be filed with the Industrial Board." Acts 1915 p. 392, *supra.*

"Sec. 4. Every contract of service between any employer and employe covered by this act, * * * shall be presumed to have been made subject to the provisions of this act; unless either party shall give notice, as provided in section 3, to the other party to such contract that the provisions of this act other than sections 10, 11 and 67 are not intended to apply." Acts 1915 p. 392, *supra.*

By virtue of said §§2 and 4, *supra,* a presumption

existed that appellant and appellee's decedent, at the time he received his alleged injuries, were bound by the provisions of the Workmen's Compensation Act, *supra,* and such presumption continues to exist unless the evidence shows that one of them, prior to the accident in question, had taken the necessary steps to be exempted therefrom as provided in said §3, *supra.* There is no claim that appellee's decedent had taken such 7. steps, and hence both must be held to be bound thereby unless the evidence shows that appellant had taken such steps. An examination of the record fails to disclose that such steps had been taken. It appears from the evidence that appellee's decedent had been in appellant's employ for more than two years, and that the latter had filed with the Industrial Board a notice of its election to reject the provision of the Workmen's Compensation Act, *supra,* but it is not shown that such filing was made *prior* to the accident which resulted in the former's death, or that such notice was posted in a *conspicuous place* in the plant, shop, office, room or place where appellee's decedent was employed, or that said notice was served upon him personally, as the statute requires. By reason of these facts the presumption that the parties are bound by the provisions of the Workmen's Compensation Act, *supra,* still exists, and a verdict in favor of appellee cannot be sustained. Appellant makes the further contention in support of the alleged error under consideration, that the evidence shows that appellee's decedent received his alleged injuries as the proximate result of his failure to discharge the duties which he owed it, as a vice-principal in charge of the repairs being made. There is evidence tending strongly to sustain this contention, but as the judgment must be reversed for the reason indicated, we need not consider whether there is any evidence which would have warranted the jury in finding the contrary.

Notwithstanding the conclusion reached, we deem it advisable to consider other alleged errors, since the cause must be remanded for a new trial. The court, on the trial of the cause, gave the jury a number of instructions on its own motion, among which are Nos. 13, 15 and 16. Said instruction No. 13 informed the jury in effect, that if it found that appellee's decedent was a construction foreman, and the vice-principal of appellant, in making the repairs in question, as it claimed, then "the plaintiff would not be entitled to recover of the defendant for the death of Cross unless said Cross did something beyond the scope of the authority vested in him by the defendant as construction foreman, which will be explained to you in later instructions." The court evidently undertook to make this explanation in said instructions Nos. 15 and 16, which probably led the jury to believe, that if they found that appellee's decedent was appellant's construction foreman, with such authority as to make him its vice-principal in the performance of said repair work, but that said decedent had theretofore personally assisted its other employes from time to time in making repairs, with appellant's knowledge and consent, and did assist in making the same on this occasion, and was injured in the manner alleged, the fact that he was such construction foreman would not relieve appellant from liability in this action. To so instruct the jury was clearly error. Although this action is prosecuted under the Employer's Liability Act of 1911, *supra*, it must be grounded on negligence, as otherwise no cause of action would exist. *Cleveland, etc., R. Co.* v. *Ropp* (1921), 190 Ind. 115, 129 N. E. 475. The negligence to support it must be found in the violation of some duty which appellant owed said decedent. While it is the rule that an employer is bound to use ordinary care to make and keep the place in which his

employes are required to work safe, and to use like care to furnish such tools and appliances as will enable his employes to perform their work safely, such rule has no application between a master and a servant employed by him to perform the duty which he owes to his other servants in this regard, where such servant so employed is injured because of a failure on his part to discharge such duty. *Duffy* v. *Hobbs, etc., Co.* (1913), 166 Cal. 210, 135 Pac. 1093, L. R. A. 1916F 806; *Sible* v. *Wells Brothers Co.* (1909), 148 Ill. App. 109; *Baker* v. *Empire Wire Co.* (1905), 92 N. Y. Supp. 355; *Cline* v. *Southern R. Co.* (1915), 101 S. C. 493, 86 S. E. 17; *Texas City, etc.* v. *Winters* (1920), (Tex.) 222 S. W. 541; *Conway* v. *C. G. W. R. Co.* (1897), 103 Iowa 373, 72 N. W. 543; *Conroy* v. *Clinton* (1893), 158 Mass. 318, 33 N. E. 525; *Sloss-Sheffield, etc., Co.* v. *Stapp* (1915), 195 Ala. 340, 70 South. 267; *Erskine* v. *Chino, etc., Co.* (1895), 71 Fed. 270. One reason for holding that such general rule has no application under the facts stated is that the master, having engaged a particular servant to discharge the duties owing by him to his other servants, ought not be required to engage still another servant to see that the particular servant discharges his duty, in order to avoid a liability should he be injured because of his failure to perform the specific duties for which he was engaged. In reaching our conclusion with reference to the instructions under consideration, we have not been unmindful of the fact that the two instructions last named are based to some extent on a condition that the jury found that said decedent, although he was appellant's vice-principal in making said repairs, had theretofore personally assisted its other employes from time to time in making repairs with appellant's knowledge and consent, and did assist on the occasion in question. This fact however would not relieve appellee's decedent from the duty which he owed appellant as its

vice-principal, or create a liability in his favor if injured because such duty had not been performed. True, a servant may act in a dual capacity, and be regarded as a vice-principal in the performance of certain acts, and a mere fellow servant of other employes in the performance of other acts, but we know of no authority which holds that a right of action exists in his favor, if injured while acting in the latter capacity, because he had failed to perform a duty which he owed his master as vice-principal. The effect of the latter relationship might relieve the master from liability under certain circumstances, as shown by the cases cited by appellee, but it cannot give a right of action to a vice-principal for an injury resulting from his failure to discharge a duty which he owes as such. Appellee contends however that since each paragraph of the complaint alleges, and the evidence shows, that appellant had rejected the provisions of the Workmen's Compensation Act, *supra*, that it cannot defend on the ground that his decedent was negligent. But if it be conceded that such defense is not available to appellant, it does not follow that appellee can recover in this action without showing that appellant failed to discharge a duty which it owed his decedent. This burden had to be discharged by appellee, before appellant was required to offer any defense, and if appellee failed to discharge the same, the question of what defense would have been available to appellant, had a *prima facie* case been made against it, is wholly immaterial. For the reasons stated we hold that the court erred in giving each of said instructions.

Instructions Nos. 3, 5 and 8 given at the request of appellee, are clearly erroneous in the following particulars: No. 3 authorized a recovery, although the jury found that appellee's decedent was appellant's vice-principal in making the repairs in question, and received his

alleged injuries by reason of his failure to discharge his duties as such. No. 5 would permit a recovery, although it was the duty of an injured employe as a vice-principal of his employer, to provide the particular device or appliance, which was necessary to make his working place safe. No. 8 would permit a recovery by a vice-principal, if he is injured while engaged in performing duties, other than those of vice-principal, although his failure to discharge his duties as such was the proximate cause of his injuries.

Instruction No. 14, given at the request of appellee, contains the following: "Where the duty is one owing by the master, and he entrusts its performance to an agent, such agent's negligence is that of a master, as the master is charged with the *imperative duty* of providing safe and suitable appliances, and a safe and suitable place in which to work." This statement renders said instruction erroneous, as a master is not charged with the *imperative duty* named. His duty with reference to furnishing his servants safe and suitable places and appliances in which and with which to work, is limited to the exercise of ordinary or reasonable care in that regard. *Brazil, etc., Co.* v. *Young* (1889), 117 Ind. 520, 20 N. E. 423; *Hoosier Stone Co.* v. *McCain, Admr.* (1892), 133 Ind. 231, 31 N. E. 956; *Henry* v. *Prendergast* (1911), 51 Ind. App. 43, 94 N. E. 1015; *Southern R. Co.* v. *Ellis* (1913), 53 Ind. App. 34, 101 N. E. 105.

The several errors committed by the court in instructing the jury would require a reversal of the judgment, even if it could be said that proper proof had been made that appellant had rejected the provisions of the Workmen's Compensation Act, *supra,* as alleged. For the reasons stated the judgment is reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.