Beverly **VERNARS**, Individually and Beverly Vernars, on behalf of herself and all other stockholders of Young Galvanizing, Inc., Appellant,

v.

**John K. YOUNG et al.**

No. 75–2115.

United States Court of Appeals, Third Circuit.

Argued April 30, 1976.

Decided Aug. 12, 1976.

Homer W. King, King, Bowman & Hanna, Pittsburgh, Pa., for appellant.

David T. Mojock, Gamble & Verterano, Errol Fullerton, Paul W. Johnson, New Castle, Pa., for appellees.

Before SEITZ, Chief Judge, ALDISERT and WEIS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

This is an appeal from an order of the district court dismissing plaintiff's complaint for failure to state claims upon which relief can be granted. Plaintiff is a 27% shareholder, an officer and one of three directors of Young Galvanizing, Inc. (corporation). The second board member is the defendant Young, a 50% shareholder and principal officer of the corporation. The third director is not a party to the action. Plaintiff's complaint is in five counts. Since plaintiff does not appeal the dismissal of Count II, we proceed to address plaintiff's assertions of error in the dismissal of the other four diversity jurisdiction counts.

Count I is a stockholder derivative claim alleging that defendant Young fraudulently misappropriated corporate funds for his personal benefit. The complaint alleged that no demand had been made upon the directors to initiate action by the corporation because it would be futile in view of the fact that the defendant-director, John K. Young, is the owner of 50% of the outstanding stock of the corporation and the third director is under his control.

The district court dismissed this count for failure to state a claim. It concluded that plaintiff did not state with particularity her reasons for not first making demand on the directors as required by Rule 23.1 of the Federal Rules of Civil Procedure. That Rule provides in pertinent part:

"The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort."

Plaintiff does not dispute that she was required to state with particularity why she did not make a demand on the Board. She insists that she fulfilled that requirement. We turn to that issue.

Since the Board consists of three directors and since defendant-director

Young's adverse position is clear at this stage, the issue is whether plaintiff's allegations as to defendant Young's domination of the non-party third director are stated with the requisite particularity. We pose the issue this way because it is tacitly conceded that if plaintiff pleaded with the requisite particularity that Young dominated the third director, the plaintiff was relieved from making a demand for director action.

The only reference in the complaint to the status of the third director is the allegation that he is "under the control" of the defendant Young. We view the quoted language as being the reason for not making a demand but we fail to see how this fulfills the requirement of the rule that the reason be stated with particularity. *See Landy v. Fed. Deposit Ins. Corp.*, 486 F.2d 139, 149 (3d Cir. 1973); *Jannes v. Microwave Communications, Inc.*, 57 F.R.D. 18 (N.D.Ill. 1972); 3B Moore's Fed.Prac. 23.1.19. Certainly, there is no presumption that a director is controlled. Rather, the issue is an intensely factual one. Consequently, there is no reason why a plaintiff cannot assert the facts from which it is believed an inference of control could be drawn. Indeed, this must be done under Rule 23.1, which is an exception to the notice pleading approach of the federal rules.

We therefore conclude that, at least where the allegations do not make charges against a majority of a Board, a mere allegation of control of a director whose vote would be necessary to constitute an adverse majority is not sufficient under Rule 23.1.

Plaintiff next contends that the district court erroneously dismissed Counts III and V which sought to recover under state law for inducing breach of an implied contract of employment or, alternatively, inducing cancellation of such implied contract. The district court concluded that under Pennsylvania law an officer or director cannot recover compensation from the corporation under the theory of implied contract.

 Plaintiff does not appear to disagree with the district court that under controlling Pennsylvania law she could not here recover on an implied contract theory. In any event, we believe the district court was correct in so holding. Rather, plaintiff argues that there may be evidence from which a jury could find the existence of an express contract. Indeed, in her brief she suggests that she should be granted an opportunity to amend. We think such an application should have been addressed to the district court when its decision was announced. We are not inclined to look favorably on this change of position at this late date. Accordingly, we conclude that the district court correctly dismissed Counts III and V for failure to state a claim under the controlling law.

We come finally to plaintiff's attack on the district court's dismissal of Count IV which asserted a claim for invasion of plaintiff's right to privacy. In this count plaintiff alleged that the defendant Young opened and read without her consent mail which was delivered to the corporation's office but was addressed to her and marked personal.

Although there was some confusion as to the law on which plaintiff's claim was based, the parties here agree that it should be evaluated as a Pennsylvania law claim. Applying Pennsylvania law, the district court found that the count failed to state a claim because there was no allegation of the requisite publication of the correspondence. We turn to that issue.

In dismissing for failure to allege the requisite publication, the district court merely cited the Pennsylvania Supreme Court cases of *Marks v. Bell Telephone Co. of Pa.*, 460 Pa. 73, 331 A.2d 424 (1975), and *Vogel v. W. T. Grant Co.*, 458 Pa. 124, 327 A.2d 133 (1974).

We note at the outset that the instant case involves the "Intrusion Upon Seclusion" provision of §̇ 652B of the Restatement (Second) of Torts. Since the *Grant* case dealt with the "Publicity Given to Private Life" provision of § 652D, the district court's reliance thereon was misplaced. *Marks v. Bell Telephone*, however, is instructive. That case involved an invasion

of privacy by wire-tapping. The Pennsylvania Court said that, in the absence of an intentional overhearing of a private conversation by an unauthorized party, which it did not find, the tort of invasion of privacy had not been committed. Although the court was clearly dealing with the "Intrusion Upon Seclusion" [1] provision of § 652B herein involved, we do not think the *Bell* case supports the dismissal of Count IV.

■■ The Court found against plaintiff in the *Bell* case on his right of privacy claim because the wire-tap did not result in any private conversation being intentionally overheard by an unauthorized person. In the present case the defendant is accused of opening plaintiff's private mail and reading it without authority. If proved, we believe this would constitute just as much of an intrusion as the intentional overhearing by an unauthorized person adverted to by the court in *Bell*. Just as private individuals have a right to expect that their telephonic communications will not be monitored, they also have a reasonable expectation that their personal mail will not be opened and read by unauthorized persons. Recognition of a cause of action for violation of that expectation seems particularly fitting under the right of privacy doctrine.

■ The right of privacy in the intrusion upon seclusion sense implies the exclusion of *all* unauthorized persons and is not to be confused with the publication requirements in libel and slander actions. We therefore conclude that Count IV does state a claim and that it should not have been dismissed.

The order of the district court dismissing all counts of the complaint except Count IV will be affirmed. The dismissal of Count IV will be reversed.

1. § 652B. *Intrusion Upon Seclusion*

One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable man."