Terry L. GRETENCORD, Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 81–2288.

United States District Court,
D. Kansas.

May 6, 1982.

Peter V. Ruddick, Speer, Austin, Holliday, Lane & Ruddick, Olathe, Kan., for plaintiff.

Mark S. Bryant, Mildred L. Watson, North, Watson & Bryant, Kansas City, Mo., R. Pete Smith, Eileen Hiney, McDowell, Rice & Smith, Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the Court upon plaintiff's motion for partial summary judgment and defendant's motion for summary judgment. In addition, plaintiff has filed a motion to compel responses to requests for admissions. The Court has reviewed this matter and deems oral argument unnecessary.

Plaintiff brought this action for injunctive relief and damages as a result of defendant's policy to randomly search employee vehicles prior to their exit from defendant's property. Plaintiff alleges causes of action for invasion of privacy, false arrest and imprisonment, outrageous conduct on the part of defendant, and a reckless, wanton disregard by defendant of plaintiff's right to be let alone.

Summary judgment is not to be granted unless the evidence is clear to the point that there is no genuine factual issue upon which reasonable minds might differ. *Williams v. Borden Inc.*, 637 F.2d 731, 738 (10th Cir. 1980). The Court must construe the evidence, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion for summary judgment. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bruce v. Martin-Marietta Corp.*, 544 F.2d 442 (10th Cir. 1976). In ruling on the motions for summary judgment, the Court makes the following findings of undisputed facts.

On July 9, 1981, defendant, at its warehouse at 14000 Marshall Drive, Lenexa, Kansas, gave written notice to all salaried and hourly employees that it would implement periodic and random security inspections of vehicles exiting defendant's property, including notice that refusal to stop or submit to a vehicle inspection would result in loss of company parking privileges and/or appropriate disciplinary action. On August 18, 1981, defendant's security requested, by hand signal, that plaintiff stop for a random search. Plaintiff failed to stop and submit to a search. Plaintiff was called to a supervisory conference at approximately 8:00 a. m. on August 19, 1981, to discuss his failure to obey the rule for vehicle inspection. Plaintiff was accompanied to the meeting by the chairman of the bargaining committee for employees at the distribution center who are members of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America [hereinafter UAW]. Plaintiff's parking privileges on defendant's property were terminated for his refusal to abide by defendant's rules and regulations, and discipline of loss of pay was imposed for his failure to follow instructions.

Plaintiff is a member of the UAW. A collective bargaining agreement exists between defendant and the UAW which provides a Grievance Procedure for an employee who has a grievance against defendant.

Specific sections of the grievance procedure provide a method for an employee to challenge disciplinary actions (Article IV, Section 3) and to challenge the reasonableness of defendant's rules and regulations (Article IV, Section 5). Further, the collective bargaining agreement provides that when an employee has a grievance against the company, it shall be processed in accordance with the grievance procedure.

■ Because certain remedies plaintiff seeks are not available under the union grievance procedure, for purposes of this motion he will not be required to exhaust such procedure. *Clayton v. Automobile Workers*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981).

■ The Court shall first consider defendant's motion for summary judgment as to plaintiff's causes of action for invasion of plaintiff's right of privacy and for reckless, wanton disregard of plaintiff's right to be let alone. The Court views these two claims as one claim with a request for punitive damages. In *Froelich v. Adair*, 213 Kan. 357, 516 P.2d 993 (1973), the Kansas Supreme Court recognized the tort of invasion of privacy by intrusion upon seclusion as stated in *Restatement, Second*, Torts, Tentative Draft No. 13, § 652:

> "§ 652B One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable man."

■ Here, plaintiff has failed to establish that any intrusion took place. He admits that he refused to allow defendant's agents to search his vehicle. Having successfully thwarted the commission of the alleged tort, plaintiff cannot now sue for damages as a result of an act that did not occur. Therefore, the Court finds, as a matter of law, that defendant is entitled to summary judgment on plaintiff's claim of invasion of privacy.

■ Plaintiff's second claim for damages is based upon a cause of action for false imprisonment. Plaintiff's complaint alleges that the detention of plaintiff's vehicle for a search constituted a false imprisonment. He appears to have abandoned this claim by his admission that he was not detained. In the pretrial order filed herein, plaintiff claims that he was unlawfully detained in disciplinary conferences. Defendant's statement of facts state:

> "5. Plaintiff did not object to coming to the meeting either before or during the meeting although he did object to defendant's vehicle inspection policy. (Affidavit of Guy F. Stephens, paragraph 10.)

> *     *     *     *     *     *

> "15. Plaintiff has never been arrested, unlawfully detained or imprisoned by Ford Motor Company. (Affidavit of Guy F. Stephens, paragraph 17.)"

These facts have not been controverted by plaintiff. Local Rule 15c of the Rules of Practice of the United States District Court for the District of Kansas provides, in part:

> "... All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."

Therefore, for the purposes of this motion, the Court must accept defendant's statements as true. In *Munsell v. Ideal Food Stores*, 208 Kan. 909, 494 P.2d 1063 (1972), the Kansas Supreme Court discussed the elements of an action for false imprisonment:

> "... The nature of the action of false imprisonment is succinctly stated in *Comer v. Knowles*, 17 Kan. 436, by Justice Valentine as follows:

> " 'False imprisonment is necessarily a wrongful interference with the personal liberty of an individual. The wrong may be committed by words alone, or by acts alone, or by both, and by merely operating on the will of the individual, or by personal violence, or by both. It is not necessary that the individual be confined within a prison, or within walls; or that he be assaulted, or even touched. It is

not necessary that there should be any injury done to the individual's person, or to his character, or reputation. Nor is it necessary that the wrongful act be committed with malice, or ill-will, or even with the slightest wrongful intention. Nor is it necessary that the act be under color of any legal or judicial proceeding. All that is necessary is, that the individual be restrained of his liberty without any sufficient legal cause therefor, and by words or acts which he fears to disregard.' (p. 440.)

"*Thompson v. General Finance Co., Inc.*, 205 Kan. 76, 468 P.2d 269 cites *Comer* with approval. . . . [C]ases hold that physical restraint is not essential to false imprisonment if words and conduct induce reasonable apprehension that resistance or attempted flight would be futile. [Cites omitted.] These decisions emphasize that there is a clear distinction between a lawful and orderly interrogation of or interview with an employee, to investigate that employee's suspected irregularity, and a browbeating, third-degree inquisition. . . ."

208 Kan. at 924–25, 494 P.2d at 1075–76.

Plaintiff, in his deposition, states that he considered himself restrained because he attended the meeting against his personal wish. This statement does not support a belief of "reasonable apprehension that resistance or attempted flight would be futile." Further, even construing all evidence in plaintiff's favor, this meeting could not be characterized as "a browbeating, third-degree inquisition." Therefore, the Court finds that, as a matter of law, plaintiff has failed to state facts which constitute a cause of action for false imprisonment.

Plaintiff's third claim is a request for damages as a result of outrageous conduct on the part of defendant. Kansas has adopted *Restatement, Second, Torts,* § 46(1), which provides:

"§ 46. Outrageous Conduct Causing Severe Emotional Distress

" '(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.' "

See *Dotson v. McLaughlin*, 216 Kan. 201, 531 P.2d 1 (1975). After reviewing all the factual evidence, the Court finds that plaintiff has alleged no set of facts which, if recited "to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Restatement, Second,* Torts, § 46, comment *d*. Plaintiff has alleged no facts that illustrate extreme and outrageous conduct, nor has he shown any evidence of severe emotional distress. Therefore, defendant is entitled to summary judgment on plaintiff's claim of outrageous conduct on the part of defendant.

Having determined that defendant is entitled to summary judgment on all claims by plaintiff, the Court finds that plaintiff has stated no basis to which he is entitled injunctive relief. Therefore, plaintiff's motion for partial summary judgment must be denied. Further, the judgment in defendant's favor moots any ruling on matters of discovery. Therefore, defendant's motion to compel discovery will be denied.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is hereby granted. IT IS BY THE COURT FURTHER ORDERED that plaintiff's motions for partial summary judgment and to compel discovery are hereby denied. The Clerk of this Court is directed to enter judgment herein for defendant and to tax all costs to plaintiff.