Norma J. WHITEBIRCH,
Appellant–Plaintiff,

v.

Ernest W. STILLER, Sr. and Marian
Stiller, Appellees–Defendants.

No. 46A03–9005–CV–176 [1].

Court of Appeals of Indiana,
Fifth District.

Oct. 28, 1991.

1. This case was reassigned to this office on     January 2, 1991.

Michael A. Kasrich, Mikula & Stephan, P.C., La Porte, for appellant-plaintiff.

Mark L. Phillips, Newby, Lewis, Kaminski & Jones, La Porte, for appellees-defendants.

RUCKER, Judge.

Norma J. Whitebirch (Whitebirch) appeals a grant of summary judgment in favor of Ernest Stiller and Marian Stiller (the Stillers). Whitebirch raises three issues for our review which we consolidate and rephrase as: whether the trial court erred in granting summary judgment in favor of the Stillers.

We affirm.

Whitebirch was employed by the Stillers to perform housekeeping services and to provide caretaking services for Ernest Stiller. Her caretaking duties included showering Ernest who had suffered a stroke and was confined to a wheelchair. After assisting Ernest in taking his shower, Whitebirch was injured when she slipped on water which had accumulated on the bathroom floor. Whitebirch sued the Stillers for her injuries. The Stillers countered by denying any negligence and raising the affirmative defenses of incurred risk, assumed risk, contributory negligence and contributory fault. The Stillers filed their motion for summary judgment which the trial court granted. In so doing the trial court entered findings with its judgment indicating, among other things, (a) the Stillers were not guilty of any negligence in their duty to Whitebirch and (b) Whitebirch assumed the risk of her injury. This appeal followed.

Findings of fact are inappropriate in a proceeding for summary judgment since such judgment may only be entered if there is no genuine issue of material fact. *Celina Mutual Insurance Co. v. Forister* (1982), Ind.App., 438 N.E.2d 1007. Thus, this court is not bound by the findings of the trial court. Rather, when reviewing the grant of a summary judgment motion, we stand in the shoes of the trial court. All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *ITT Com. Finance v. Union Bank & Trust* (1988), Ind.App., 528 N.E.2d 1149. In order to determine whether a genuine issue of fact exists, we must accept as true all facts alleged by the non-moving party and resolve any doubt as to the existence of a genuine issue of fact against the moving party. *Olsson v. Indiana University Board of Trustees* (1991), Ind.App., 571 N.E.2d 585, *trans. pending.*

Both parties to this action devote considerable time discussing the Stillers' defense of assumption of risk; and in her brief, Whitebirch broaches the subject of contributory negligence. The Stillers argue, for example, that as a domestic employee, Whitebirch assumed the risk ordinarily incident to the discharge of her duties. The Stillers contend that the risk of Whitebirch slipping on a wet floor is necessarily inherent in her employment and

therefore Whitebirch is precluded from recovery as a matter of law. Whitebirch counters that the existence of water on the floor was an unusual or unexpected peril known to the Stillers but unknown to her. Thus, Whitebirch's alleged assumption of risk presupposes she had actual knowledge of the existence of water on the floor which, according to Whitebirch, is a disputed question of fact to be determined by the trier of fact.

We agree with Whitebirch the question of assumption of risk, which is a defense to a claim of negligence, is inappropriate for summary disposition under the facts of this case. Assumed risk is generally a question of fact for the trier of fact and may be found as a matter of law *"only if* the evidence is without conflict and the sole inference to be drawn is that the plaintiff (a) had actual knowledge of the specific risk, and (b) understood and appreciated the risk." *City of Alexandria v. Allen* (1990), Ind.App., 552 N.E.2d 488, 497, *reh. denied,* quoting *Stainko v. Tri–State Coach Lines, Inc.* (1987), Ind.App., 508 N.E.2d 1362, 1364, *trans. denied* (emphasis added).[2]

Here, the evidence of whether Whitebirch had actual knowledge of the risk of water existing on the floor and whether she understood and appreciated the risk is not without conflict. Moreover, the Stillers' defense of assumption of risk is subject to the terms of Indiana's Comparative Fault Act. *See* Ind.Code § 34-4-33-2(a). Hence, even if the Stillers were successful on their claim of assumption of risk, a determination would nonetheless have to be made of the percentage of fault, if any, attributable to the Stillers as well as to Whitebirch. This determination is more appropriately left to the trier of fact and may not be disposed of by a motion for summary judgment.

However, the threshold question here is whether the Stillers are guilty of negligence. If there is no negligence on the part of the Stillers, then the questions of assumed risk, contributory negligence and contributory fault are not relevant.

The tort of negligence is comprised of three elements: (1) a duty owed to the plaintiff, (2) a breach of that duty by defendant, (3) which proximately causes plaintiff's damage. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995. Whether a duty exists is a question of law. *Id.*

Whitebirch contends the Stillers had a duty to provide her a safe place in which to work. Whitebirch argues the Stillers breached that duty in either of two ways: (a) by Ernest Stiller splashing water onto the bathroom floor, or (b) by the Stillers allowing water to accumulate on the floor without warning Whitebirch of its presence.

It is true that as a general rule an employer has a duty to use reasonable care to provide its employees with a reasonably safe working place. *City of South Bend v. Estate of Rozwarski* (1980), Ind.App., 404 N.E.2d 19, *reh. denied.* However, the rule is entirely different where the duty is delegated by the employer to the employee and injuries result from the failure of the employee to perform the duties delegated to her. *American Coal Mining Company v. Lewis* (1922), 77 Ind.App. 394, 133 N.E. 846; *Parker v. Great Atlantic and Pacific Tea Company* (1956), N.D.Ind., 146 F.Supp. 871. In essence, an injured employee cannot recover from her employer when she creates or permits the existence of the very condition of which she complains and that condition is the result of her failure to discharge the responsibility for which she was employed. *Parker, supra* at 872. In that instance the "duty" ordinarily imposed upon the employer shifts to the employee. It is axiomatic where the employer has no duty there can be no breach of duty.

There is no dispute Whitebirch's duties included assisting Ernest Stiller in taking a shower and cleaning up the bathroom thereafter. In her deposition Whitebirch testified that in discharging those duties she placed Ernest in a metal shower

---

**2.** We note the discussion in *Stainko* focuses on incurred risk. However, assumed risk differs, if at all, from incurred risk only in that assumed risk arises where there is a contractual obligation. *Kroger Co. v. Haun* (1978), 177 Ind.App. 403, 379 N.E.2d 1004, 1008 n. 2.

chair which was located inside the shower stall, gave him a shower hose to which a shower head was attached, closed the shower curtain and allowed Ernest to spray himself. After Ernest completed his shower and while in the shower stall, Whitebirch dried him off "somewhat", pushed the shower chair on which he was seated out of the stall and completed the drying process. At one point in her deposition Whitebirch denied any knowledge of water on the floor and at another point in her deposition Whitebirch testified Ernest sprayed water on the floor. *Record* at 86–87.

It is clear the condition which caused Whitebirch's workplace to become unsafe was the existence of water on the bathroom floor immediately after Ernest Stiller had completed his shower. However, Whitebirch was specifically employed to assist Ernest Stiller with his shower and her duties included cleaning any water from the bathroom floor that may have accumulated as a result of the shower. Whitebirch failed to discharge her duty and was injured when she slipped and fell on the very water which was her duty to remove. Under these circumstances the Stillers breached no duty owed to Whitebirch.

Where the defendant is the party moving for summary judgment, the defendant is entitled to judgment as a matter of law when it demonstrates undisputed material facts which negate at least one element of the plaintiff's claim. *Moore v. Sitzmark Corp.* (1990), Ind.App., 555 N.E.2d 1305. In the case before us the existence of a duty to maintain a safe workplace was one of the elements of Whitebirch's negligence claim. The Stillers, as movants for summary judgment, have demonstrated undisputed material facts which negate this claim. Accordingly, the trial court did not err in granting summary judgment in favor of the Stillers.

Judgment affirmed.

RATLIFF, C.J., and STATON, J., concur.