**Richard L. TERRELL, Appellant–
Plaintiff,**

v.

**Dale ROWSEY and Red Giant Foods,
Inc., Appellees–Defendants.**

No. 48A02–9408–CV–481.

Court of Appeals of Indiana,
Second District.

March 13, 1995.

Transfer Denied June 15, 1995.

P. Robert Dawalt, Jr., Marion, for appellant.

Steven L. Jackson, Gary D. Johnson, Baker & Daniels, Fort Wayne, for appellees.

## OPINION

FRIEDLANDER, Judge.

Richard Terrell appeals the trial court's grant of summary judgment in favor of his employer Red Giant Foods, Inc. and its employees and his supervisor, Dale Rowsey.

We affirm.

The facts most favorable to Terrell, the nonmoving party, are that Terrell was employed by Red Giant as a forklift driver. Terrell's supervisor, Rowsey, had been receiving reports from employees that Terrell was drinking on the job. On one specific occasion, a Red Giant manager informed Rowsey that Terrell had been drinking something from under a blanket in his car parked in the company lot. A few days afterward, on February 1, 1991, Rowsey observed Terrell in the same parking lot drinking in his parked car during the noon lunch break. An hour later, Rowsey walked out to the unattended car, opened an unlocked door and found a cooler underneath a blanket on the passenger floorboard. Inside the cooler were one full quart bottle of Miller Lite and

another full can of beer. Rowsey left the car and the beer. Rowsey returned to the car during the afternoon break. As Rowsey approached, he observed Terrell sitting in the car and drinking from a can in an insulated holder and from something in a brown paper bag. Rowsey knocked on Terrell's window. When Terrell opened the window Rowsey immediately smelled what he believed to be beer. Rowsey asked Terrell what he was drinking and Terrell replied he was drinking Pepsi. Terrell refused Rowsey's request to see the Pepsi container. Terrell did comply, however, with Rowsey's request to see what was under the blanket. Terrell lifted the blanket and opened the cooler beneath it, which was empty. Rowsey confronted Terrell with the fact he smelled beer, whereupon Terrell stated that he had drank a beer at home during his lunch break. Rowsey did not believe Terrell's explanation, inasmuch as he had observed Terrell in the company parking lot during lunch. Rowsey then looked through the window onto the floor behind the driver's seat. Rowsey observed a cardboard tray of the type used to hold beer lying on the floorboard. The tray was upside down and underneath it was a brown paper sack. An open bottle protruded from the sack. Rowsey opened the car door approximately six inches and reached behind the driver's seat to grab the bottle, which was empty. Rowsey recognized the bottle as the Miller Lite bottle which had earlier been full. When Rowsey asked Terrell for an explanation Terrell did not respond. Ultimately, at a February 4, 1991 disciplinary meeting, Red Giant terminated Terrell in accordance with its policy against drinking as articulated in its employee handbook. The handbook states:

"DRINKING, DRUGS AND INTOXICATION

Any employee who consumes or possesses any intoxicants, alcohol or controlled substances on company premises, or on company business, will be subject to discharge for the first offense. The Company reserves the right to require chemical screening tests of any employee at any time, if there is some cause to believe they are under the influence of alcohol or controlled substances.

Any employee who reports to work showing evidence of being under the influence of alcohol or drugs in any degree will not be permitted to work. If an employee has already started to work when the condition is discovered, the employee shall be suspended immediately and subject to further disciplinary action, up to and including discharge.

The same rules apply whenever an employee is on company grounds, during non-working hours."

*Record* at 111–112.

Terrell filed a January 27, 1993 complaint in two counts against Rowsey and Red Giant. In count one, Terrell alleged that Rowsey broke and entered his car and trespassed upon his car at the express direction of Red Giant and that as a result of such defendants' tortious misconduct, Terrell suffered embarrassment, defamation and loss of quiet enjoyment of his property. In count two, Terrell alleged that Red Giant was grossly negligent in failing to supervise Rowsey.

On October 4, 1993, Rowsey and Red Giant filed a motion for summary judgment. Terrell's response to the motion consisted of a designation to Rowsey's deposition; allegations that Red Giant was responsible for Rowsey's actions and that plaintiff was entitled as against both defendants to punitive damages as a result of their actions. The trial court granted the defendants' motion for summary judgment, stating:

".  .  .  .  ."

## III. CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and subject matter hereto.

2. Defendants' intrusion was not wrongful. "There is no absolute right to be free from invasion of privacy ... Rather, there exists a right to be free from unreasonable invasions of privacy, much as the right to be free from unreasonable invasions of physical security. *Berrier v. Beneficial Finance*, 234 F.Supp. 204, 205 (N.D.Ind.1964).

3. In light of Terrell's diminished privacy interest (his car was on Red Giants' [sic] property during working hours), Red Gi-

ants' [sic] rule against drinking on company property, which includes the right to require chemical screening tests, Red Giants' [sic] obligation to provide employees a safe work place, and the momentary entrance of Terrell's car with no physical contact with Terrell, Terrell cannot, as a matter of law, establish Rowsey acted in such a manner as to "outrage or cause suffering, shame or humiliation" to an employee with "ordinary sensibillity," [sic] *Continental Opitcal Company v. Reed,* [sic] [119 Ind.App. 643] 86 N.E.2d 306, 308 reh'g denied [119 Ind.App. 643] 88 N.E.2d 55 (Ind.Ct. of App.1949).

4. Defendant's intrusion into Terrell's car was proper because "it is well settled that an employer has a duty to use reasonable care to provide his employees with a reasonable [sic] safe working place . . .," *City of South Bend v. Estate of Rozwarski,* 404 N.E.2d 19, 21 (Ind.Ct. of App.1980); *Accord Whitebirch v. Stiller,* 580 N.E.2d 262, 264 (Ind.Ct. of App.1991). IOSHA mandates that "each employer shall establish and maintain conditions which are reasonably safe and healthful for employees, and free from recognized hazards that are causing or likely to cause death or serious physical harm to employees." Ind.Code 22–8–1.1–2. Courts have construed IOSHA's federal counterpart to require an employer to prevent foreseeable hazards caused by employees. *See,* e.g. *General Dynamics Corp. v. OSHRC,* 577 [599] F.2d 453 (1st Cir.1979).

5. Indiana does not recognize the tort of negligent supervision as alleged in Terrell's complaint. *Gossage v. Little Caesar Enterprises, Inc.,* 698 F.Supp. 160, 162 (S.D.Ind.1988).

6. As an independent justification and ground for the judgment entered by this court, this court finds that Terrell's claims are barred by the exclusivity provision of the Indiana Workers Compensation Act, Indiana Code 22–3–2 *et seq.* The court notes that this ground for summary judgment was raised by Defendants but was never responded to either in briefing or in oral argument by Terrell. Accordingly,

the court finds that this is an independent ground in support of the court's judgment in favor of the defendants.

7. As further independent ground for its judgment for defendants, this court finds that Plaintiff has not contravened the material elements of the Defendants' Motion for Summary Judgment. In the Plaintiff's one-page "Response to Motion for Summary Judgment," Plaintiff designates as his evidence "The Deposition of Dale Rowsey." Such a perfunctory designation as a matter of law raises no issue for this court to consider on summary judgment, *Rosi v. Business Furniture Corp.,* 615 N.E.2d 421, [431] 434 (Ind.1993).

### JUDGMENT

For the reasons more fully set forth herein, it is ordered, adjudged and decreed that Defendants' Motion for Summary Judgment is granted on all basis [sic] presented and that Plaintiff shall take nothing by his Complaint from these defendants. Costs to Plaintiff.

s/s Richard Payne
Special Judge Richard Payne
DATE: 6/16/94"

*Record* at 248–250. Terrell appeals and presents one issue:

Did the trial court err in granting the defendants' motion for summary judgment?

■ Preliminarily, we note the trial court declared Terrell's action to be precluded by the exclusivity provision of the Worker's Compensation Act. Terrell's injuries, however, are not physical and thus are not covered by the Act. In *Perry v. Stitzer Buick GMC, Inc.* (1994), Ind., 637 N.E.2d 1282, the supreme court held that the Act did not apply to a plaintiff who had sustained neither physical injury nor loss of physical function. Terrell alleges that he was defamed and that he suffered embarrassment and loss of quiet enjoyment of his property. Because Terrell's claims present no injuries covered by the Act, they are not foreclosed by its exclusivity provision.[1]

---

1. Additionally, we summarily dispose of Terrell's    claims that the trial court improperly adopted

Terrell alleges that a material issue of fact remains which precludes summary judgment. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial. *Midwest Commerce Banking Co. v. Livings* (1993), Ind.App., 608 N.E.2d 1010. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court and liberally construe all designated evidentiary matter in favor of the nonmoving party. *Rotec, Div. of Orbitron, Inc. v. Murray Equipment, Inc.* (1993), Ind.App., 626 N.E.2d 533. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

In his response to the motion for summary judgment, Terrell designated Rowsey's deposition to the trial court. Terrell failed to include any citations to the record other than the reference to Rowsey's deposition. Trial Rule 56(C) expressly requires a nonmoving party to identify specifically the parts of pleadings, depositions, answers to interrogatories, and admissions on which he relies. *Rosi v. Business Furniture Co.* (1993), Ind., 615 N.E.2d 431. The nonmovant will not survive summary judgment merely by designating entire portions of the record, such as depositions. *Id.* Furthermore, Terrell attempts to utilize Rowsey's affidavit in support of his motion for summary judgment to prove that a material dispute of fact exists. Terrell, however, failed to designate Rowsey's affidavit to the trial

court. We are forbidden to reverse a summary judgment unless the evidence has been specifically designated to the trial court. T.R. 56(H). Terrell's argument that he satisfied the designation requirement by an oral designation to the trial court also fails, inasmuch as his brief does not include a citation to the oral designation in the record.

Since no material dispute of fact exists, our next step is to determine whether Rowsey and Red Giant are entitled to judgment as a matter of law. In his complaint, Terrell made four allegations, including:

1. Rowsey broke and entered Terrell's car at the express direction of Red Giant;

2. Rowsey trespassed upon Terrell's car at the express direction of Red Giant;

3. As a result of this tortious misconduct Terrell suffered embarrassment, defamation and loss of quiet enjoyment of his property; and

4. Red Giant was grossly negligent in failing to supervise Rowsey.

No cause of action exists in Indiana for tortious breaking and entering or negligent performance of an employment contract, and we summarily affirm the trial court's judgment with regard to Terrell's first and fourth allegations. Concerning Terrell's second allegation of trespass upon his car, no case has been decided in Indiana regarding the claim of trespass to an automobile. The *Restatement (Second) of Torts* (1965), § 218 states a trespasser is liable to the possessor of a chattel only when:

"(a) he dispossesses the other of the chattel, or

(b) the chattel is impaired as to its condition, quality, or value, or

(c) the possessor is deprived of the use of the chattel for a substantial time, or

(d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor had a legally protected interest."

The facts are clear that Rowsey did not dispossess Terrell of his automobile and it

the appellees' proposed findings. Despite Terrell's argument to the contrary, the standard of review in a summary judgment proceeding is not altered when the trial court enters findings. *Landau v. Bailey* (1994), Ind.App., 629 N.E.2d 264.

sustained no impairment as to its condition, quality or value when Rowsey opened the door. Furthermore, Terrell suffered no bodily harm due to Rowsey's actions, and no harm came to any person or thing in which Terrell held a legally protected interest. Although Terrell might have been deprived of the use of his car when Rowsey opened the door, it was not for a substantial time, inasmuch as Terrell testified the entire episode lasted from three to five minutes and Rowsey made no attempt to utilize his automobile. Rowsey and Red Giant prevail on the trespassing to an automobile claim as a matter of law.

■ Although Terrell did not expressly raise an invasion of privacy claim in his complaint, both the trial court and the appellees have interpreted Terrell's complaint to include such a claim. We are mandated by T.R. 8(F) to construe pleadings in such manner as "to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points." Thus, we liberally interpret Terrell's complaint to include an action for invasion of privacy.

The action for invasion of privacy relevant to the present case arises upon "the wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibility." *Continental Optical Co. v. Reed* (1949), 119 Ind.App. 643, 86 N.E.2d 306, 308. The trial court determined that no wrongful intrusion of privacy occurred because Terrell had no absolute right to be free from an invasion of privacy, but rather a right to be free from unreasonable invasions of privacy. The trial court held that the intrusion was not unreasonable in light of the following: Terrell's diminished privacy interest while on Red Giant's property, Red Giant's rule against drinking on company property, which includes the right to require chemical screening tests, Red Giant's obligation to provide employees a safe work place, and the momentary entrance of Terrell's car with no physical contact with Terrell. We agree with the trial court that, as a

matter of law, Rowsey's actions do not offend a person of ordinary sensibility. Terrell was on his employer's property and he admitted to drinking alcohol, despite Red Giant's policy against drinking. Furthermore, Rowsey acted out of responsibility for the safety of Terrell and his fellow employees and the intrusion was minimal. For the foregoing reasons we affirm the judgment of the trial court.

Judgment affirmed.

GARRARD, J., concurs.

SULLIVAN, J., dissents in part and concurs in part with separate opinion.

SULLIVAN, Judge, dissenting in part and concurring in part.

I concur in the affirmance of the summary judgment as to Red Giant Foods, Inc. I dissent with respect to Rowsey.

The majority affirms the summary judgment holding that "as a matter of law, Rowsey's actions do not offend a person of ordinary sensibility." Op. at 667. I disagree. While one trier of fact might well find that, under the circumstances, Rowsey's intrusion into Terrell's private vehicle was not "highly offensive", another reasonable trier of fact might conclude otherwise.

The trial court observed that Indiana recognizes the tort of invasion of privacy[2] but granted summary judgment because as a matter of law, "[d]efendants' intrusion was not wrongful". Record at 248. The employer was clearly entitled to prohibit consumption or possession of alcohol by employees on the premises and to discipline employees who are under the influence in the work place. That entitlement, however, does not include the prying into private places in which an employee has every expectation of privacy. Such a place is one's private vehicle, whether parked on the employer's property or otherwise. Most reasonable persons would have a belief and expectation that their private vehicle will not be entered and searched by unauthorized individuals.

**2.** In *Cullison v. Medley* (1991) Ind., 570 N.E.2d 27, at 31, our Supreme Court clearly recognized that a tort claim lies for an invasion of the right to privacy which takes the form of an intrusion and that such actionable intrusion may lie for the conduct of an illegal search.

Cases from other jurisdictions have countenanced recovery of damages for such violations. In *Sutherland v. Kroger Co.* (1959) 144 W.Va. 673, 110 S.E.2d 716, a somewhat extreme case, a supermarket cashier insisted upon peering into a shopping bag from another store in order to assure that the customer had not secreted Kroger goods. The cashier had a store-policy duty to do so and, although the Kroger employee made no accusatory comment, there were other persons in the check-out line who may have drawn an incriminating inference. The court held that an "illegal search by a private individual" gives rise to a cause of action for a trespass in violation of the right of privacy.

Other cases, more analogous to that which is before us, have recognized a viable tort claim. In *Gretencord v. Ford Motor Co.* (1982) U.S. D.Kan. 538 F.Supp. 331, the court acknowledged a Kansas cause of action for invasion of privacy triggered by the employer's policy to randomly search employee vehicles prior to their exit from its property. However, in *Gretencord,* the employee objected and no search took place. Therefore, there was no cause of action.

More recently, the Ohio Court of Appeals in *Sowards v. Norbar, Inc.* (1992) 78 Ohio App.3d 545, 605 N.E.2d 468, made several salient statements. There, plaintiff was a long-distance truck driver who, during a twelve hour required layover, occupied a room permanently reserved by the employer for its drivers. The employer entered the room without the driver's authorization to search for a missing permit book. The court held that the jury was entitled to determine, as it did, that although the room was rented and paid for by employer, there was an invasion of privacy. In doing so, the court stated:

"Similarly, the fact that appellee's personal property may not have been disturbed during the search does not preclude appellee from asserting an invasion of his legitimate right of privacy in the room itself. [Citation omitted.]

Appellant next contends that the brief intrusion should be forgiven, since the search was conducted in good faith and without a belief appellee had stolen the permit book. However, this fact does not vindicate appellant, since an invasion of privacy need not be committed intentionally or maliciously in order to be actionable.... Moreover, whether appellant's intrusion was reasonable, under the circumstances, is a question to be answered by the jury." 605 N.E.2d at 475.

In *K–Mart Corp. Store No. 7441 v. Trotti* (1984) Tex.App., 677 S.W.2d 632, in the employee's absence, the employer searched the employee's on-premises private locker following a report that some unidentified employee had stolen a watch and that some price-marking guns were missing. The court held that the case was properly submitted to the jury but that reversal was necessary because the court refused an instruction that the intrusion must be highly offensive to a reasonable person. In *Vernars v. Young* (1976) 3d Cir., 539 F.2d 966, Pennsylvania law was applied and the court held a cause of action existed for invasion of the right of privacy where the employer opened and read plaintiff's private mail without authority. In doing so, the court emphasized the reasonable expectation of persons with respect to their mail.

The United States Supreme Court in *O'Connor v. Ortega* (1987) 480 U.S. 709, 107 S.Ct. 1492, 94 L.Ed.2d 714, held that a physician and psychiatrist at a state hospital had a protectible expectation of privacy as to the materials in his desk and the filing cabinets in his office. This expectation and privacy right was considered in the context of a 42 U.S.C. § 1983 civil rights suit stemming from a search of the office and the effects in the office by the public employer. The majority holding, as contained within Justice O'Connor's plurality opinion, is attributable to Justice Scalia's separate concurrence. His opinion was that, contrary to the plurality view, the Fourth Amendment does apply to such searches, but that the search in this instance was justified by workplace considerations and was therefore not unreasonable. It is worthy of note, however, that the majority concluded that neither the employer nor the employee was entitled to summary judgment. The majority view was premised upon the observation that the parties were in dispute

concerning justification of the search and its reasonableness. The four dissenters were of the view that the standard employed by the majority, by which to gauge the intrusion, was erroneous. They would have held the intrusion clear and unmistakable, giving rise to plaintiff's § 1983 claim.

Thus all nine members of the U.S. Supreme Court were in agreement that the matter could not be decided in the employer's favor by summary judgment. The same rationale should be applied in our case.

At worst, from Terrell's perspective, there is a question of fact as to whether he had a reasonable expectation of privacy in his vehicle as it sat in the parking lot that day. There was a legitimate question of fact as to whether, under the circumstances, the search was justified and whether, under all of the circumstances, it was reasonable. In light of this representative authority, I would hold that a reasonable jury might find the allegedly minimal intrusion into Terrell's vehicle wrongful and offensive.

The argument is present that because Terrell was not present at the time of the intrusion and because he suffered no physical injury or damage to his personal property, the claim should be discounted, as a matter of law. As noted in *Sutherland, supra,* 110 S.E.2d at 724, as to damages, the legal wrong in itself constitutes an invasion of plaintiff's right and gives rise to damages. The damage flows from the wrongful act, itself injurious to another's right, even though no perceptible loss or harm accrues therefrom. This view finds support in Indiana as well. In *American Fletcher National Bank & Trust Co. v. Flick* (1969) 146 Ind.App. 122, 252 N.E.2d 839, the court held that the law presumes that at least nominal damages result from a harm.

I would reverse the summary judgment as to Rowsey.