Ruth Carolyn **ATKINS, Plaintiff,**

**v.**

**TONY LAMA COMPANY, INC., Teresa Lama Bean, Angelina Lama Faulkner, Tony Lama, Jr., Joseph H. Lama, Jr., Max R. Prestridge, Jr., Jack Rich, J. David Stanford, E. Eugene Burkett, Woodrow W. Bean, Jr., Carmen Lama Caruso, Bruce Faulkner, Defendants.**

**No. EV 84–214–C.**

United States District Court, S.D. Indiana, Evansville Division.

Dec. 3, 1985.

Theodore Lockyear, Evansville, Ind., for plaintiff.

David Jones, Bowers, Harrison, Kent & Miller, Alan Shovers, Kahn, Dees, Donovan & Kahn, Evansville, Ind., W. Donald McSweeney, James Clark, Schiff, Hardin & Waite, Chicago, Ill., John L. Carroll, Johnson Carroll & Griffith, Evansville, Ind., for defendants.

## MEMORANDUM ORDER

BROOKS, District Judge.

This matter comes before the Court upon the motions of the defendants to dismiss plaintiff's complaint. Each of the parties have fully briefed the issues presented by the motions and the Court now deems the motions ripe for ruling.

Plaintiff commenced this class action [1] in three (3) counts on August 8, 1984 seeking compensatory and punitive damages as well as the rescission of the sale and purchase of some four hundred forty two thousand eight hundred ninety seven (442,897) shares of stock of the corporate defendant which occurred in 1984. Count I of the complaint, after reciting various facts with respect to the sale and purchase of the stock, alleges that the individual defendants negligently breached their fiduciary duty to the corporation's shareholders thereby causing a diminution in the value of the shareholders' stock. Count II, which incorporates by reference the allegations of Count I, is premised upon the theory that the purchase price paid for the four hundred forty two thousand eight hundred ninety seven (442,897) shares was in excess of the market value of said shares, thereby constituting a premium, and requests the Court to find that the transaction was in fact a declaration by the corporate defendant of a dividend to which plaintiff and the members of the class are entitled. Count III is plead as a stockholder's derivative action brought pursuant to Rule 23.1, Federal Rules of Civil Procedure, contending that the board of directors of the corporation have caused, authorized, or acquiesed in the waste of corporate assets which conduct has benefited, either directly or indirectly, the individual board members. On February 1, 1985 plaintiff amended her complaint to add an additional count alleging that the defendants violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5) promulgated thereunder. The jurisdictional basis for plaintiff's complaint is founded upon the Security Act of 1933, as amended, 15 U.S.C. § 77a *et seq.*, and the Securities Exchange Acts of 1934, as amended, 15 U.S.C. § 78a

1. Plaintiff's class certification motion is currently pending before this Court.

*et seq.* and Title 28 United States Code, Sections 1331 and 1332.

The plaintiff in this action, Ruth Carolyn Atkins (hereinafter "Atkins"), is an Indiana resident and the owner of some three hundred (300) shares of common stock of the corporate defendant Tony Lama Company, Inc. (hereinafter "Tony Lama") a Texas corporation with its principal place of business in Texas. The individual defendants are also residents of Texas. Teresa Lama Bean, Woodrow W. Bean, Jr., Angelina Lama Faulkner, Bruce Faulkner and Carmen Lama Caruso (hereinafter collectively the "Sellers") were stockholders of Tony Lama who sold their shares to the corporation in 1984 which transaction gave rise to this suit. Defendants Tony Lama, Jr., Joseph H. Lama, Jr., Louis R. Lama, Max R. Prestidge, Jr., Jack Rich, J. David Stanford and E. Eugene Burkett, as well as Teresa Lama Bean and Angelina Lama Faulkner, comprised the board of directors of Tony Lama at the time of the events complained of, and in some cases also held positions as executive officers within the corporation. These later defendants will hereinafter be collectively referred to as the "Board of Directors".

Each of the defendants (*i.e.* Tony Lama, the Sellers, and the Board of Directors) filed, prior to the amendment of plaintiff's complaint, motions to dismiss the complaint. After plaintiff's amendment adding Count IV, each of the parties filed supplemental briefs with respect to the pending motions to dismiss. Essentially, it is defendants' position that with respect to Counts I and II plaintiff lacks standing to maintain this action on her own behalf or as a class action because such counts may only be brought by or on the behalf of Tony Lama, the corporate defendant. Additionally, it is contended that there is no cognizable claim at law for a constructive dividend and that the acts of which plaintiff complains do not give rise to a violation of the federal securities laws. With respect to Counts III and IV, defendants argue that both fail to allege the statutory prerequisites excusing plaintiff's failure to make a demand on the Board of Directors

and that the alleged omissions and misstatements set forth in Count IV do not give rise to an actionable claim. The Court finds that the majority of the defendants' arguments are well taken.

 Counts I and II of Atkins' complaint, while seeking different forms of relief, are both premised upon the theory that the members of the Board of Directors have breached their fiduciary duties and committed corporate waste and that, as a result, the financial condition of Tony Lama has been impaired and there has been a diminution in the value of Tony Lama's stock. As plead, such allegations, despite being characterized as wrongs against plaintiff and plaintiff class members, allege wrongs primarily against the corporation itself which affects the whole body of the corporation's stock or property and not just plaintiff's individual interest. Accordingly, the proper manner in which to assert such claims is via a shareholder's derivative action, since Atkins may not proceed individually even though she may have been injured by a diminution of the value of her shares. *Cowin v. Bresler*, 741 F.2d 410 (D.C.Cir.1984); *Lewis v. S.L. & E., Inc.*, 629 F.2d 764, 768 n. 10 (7th Cir.1980); *Press v. Marvalan Industries*, 468 F.Supp. 1072, 1078 (S.D.N.Y.1979). As the Court noted in *Cowin supra:*

> When an injury to corporate stock *falls equally upon all stockholders*, then an individual stockholder may not recover for the injury to his stock alone, but must seek recovery derivatively in behalf of the corporation. *Id.* at 414

It follows, that Atkins not having standing to maintain the action in her own behalf may not maintain Counts I and II as a class action since a predicate to her right to represent a class is her eligibility to sue in her own right. *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 734 (3rd Cir. 1970).

Therefore, while the Court has no quarrel with the view that the allegations of Counts I and II may be sufficient to allege valid state causes of action for breach of

fiduciary duties or corporate mismanagement that is not the decisive issue. The inquiry goes to plaintiff's standing to maintain such claim in her own behalf or as a class representative. Based upon the above authorities, the Court finds that plaintiff lacks standing either in her own behalf or as a class representative to maintain Counts I and II, and those counts therefore should be dismissed.

Count III of plaintiff's complaint is brought derivatively on behalf of the corporate defendant, Tony Lama. The allegations underlying this count are the same as those upon which Counts I and II are based. Thus, Count III presents nothing more than a derivative claim seeking damages for the same corporate misconduct which is alleged in Counts I and II. Defendants have moved to dismiss this Count (as well as Count IV) on the basis that the complaint fails to allege sufficient facts to excuse plaintiff's failure to make a demand on the Board of Directors.

██ Rule 23.1 Federal Rules of Civil Procedure requires that in a derivative action the complaint must "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort." Generally, the determination of the sufficiency of the allegations regarding demand or the futility of making a demand rests within the discretion of the court. *Kaster v. Modification Systems, Inc.*, 731 F.2d 1014 (2nd Cir.1984); *Lewis v. Graves* 701 F.2d 245 (2nd Cir.1983).

In the case *sub judice* plaintiff has indicated that no demand has been made upon the Board of Directors for the reason that such demand would be futile. In support of the contention that demand would be futile plaintiff points to several different factors which excuse demand:

(1) That the Board of Directors have caused, acquiesed in, authorized or approved the waste of assets and have directly or indirectly benefited from the wrongful conduct alleged.

(2) That the Board of Directors embarked upon a plan and scheme to favor members of the Lama family to protect their own pecuniary interests and to safeguard their interests and relationships as Board of Directors and not for any valid business purpose of the Company.

(3) That the Board of Directors are fully knowledgeable about the waste and diversion of the Company's assets that has already occurred through their wrongful acts and transactions complained of herein, and said defendants will not voluntarily refrain from continuing their plan and scheme.

(4) That to permit this action to be prosecuted by the Board of Directors would place its directors in hostile hands and prevent its prosecution.

(5) That the Board of Directors cannot in good faith excuse any independent business judgment to determine whether to approve a resolution authorizing the filing of a suit against themselves and the defendant sellers.

The core then of plaintiff's contentions that demand should be excused is based upon the proposition that the board members are so self interested or otherwise tainted that no demand upon the Board of Directors could be expected to prod them to correct the alleged wrongs. However, upon examination the Court is not of the opinion that plaintiff's allegations are sufficiently particularized so as to enable the Court to find the demand requirement excused.

██ It has been repeatedly held that absent specific allegations of self dealings or bias on the part of a majority of the board, mere director approval or acquiescence in the alleged misdeeds is insufficient to render demand futile. *Lewis v. Graves, supra; Lewis v. Curtis,* 671 F.2d 779 (3rd Cir.) *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982). *Grossman v. Johnson,* 674 F.2d 115 (1st Cir.1982) *cert.*

*denied*, 459 U.S. 838, 103 S.Ct. 85, 74 L.Ed.2d 80 (1982). Nor is the fact that plaintiff has named all of Tony Lama's then serving directors as defendants sufficient to excuse demand. *Lewis v. Graves, supra; Heit v. Baird*, 567 F.2d 1157 (1st Cir.1977); *Brooks v. American Export Industries, Inc.*, 68 F.R.D. 506 (S.D.N.Y. 1975). Thus, the Court must determine whether the other allegations supporting futility of demand establish a sufficient degree of "involvement" so as to point to bias or self interest on the part of the directors.

Plaintiff contends that the directors have directly or indirectly benefited from the alleged wrongful conduct, yet plaintiff fails to point to any facts demonstrating how the directors benefited either directly or indirectly from the complained of actions. Nowhere is it alleged that the directors received any benefits as a result of their decisions, pecuniary or otherwise. Simply saying that there was a benefit falls far short of particularized charges of bias or self-dealing, and leaves the Court in the untenable position of having to speculate as to what benefits the directors derived. This the Court is unwilling to do. If, as plaintiff subsequently charges, the benefit received was the preservation of the defendants' position on the Board of Directors, such allegations, absent a logical or factual nexus between the challenged transaction and the asserted entrenchment, also must fail. *Lewis v. Graves, supra.*

The balance of plaintiff's arguments in support of excusing demand are at best conclusory and speculative. There is no indication in the complaint that the Board of Directors cannot or would not make a good faith investigation of the wrongs of which plaintiff complains. The fact that the Board of Directors would be asked to sue itself is not determinative as to the question of futility of demand. *Heit v. Baird, supra.* Furthermore, speculative allegations as to the Board's motivation without any factual basis is insufficient to justify the failure to make a demand. *In Re Kauffman Mutual Fund Actions*, 479

F.2d 257 (1st Cir.1973), *cert. denied*, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973). To find otherwise would be to eviscerate the demand requirement altogether in nearly every case and allow disgruntled shareholders to easily avoid the clear requirements of the rule.

Atkins, in her responsive briefs to the motions, makes much ado about the fact that she has alleged that certain defendants "controlled" the Board of Directors. However, this allegation standing alone will not suffice. Numerous courts have found that a bare allegation that the board of a corporation is dominated or controlled by others insufficient to excuse demand. *Grossman v. Johnson, supra, Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204 (9th Cir.1980); *Vernars v. Young*, 539 F.2d 966 (3rd Cir.1976); *In Re Kauffman, supra.* In the present case plaintiff has set forth no particularized allegations of domination or control of the Board of Directors, and in the Court's opinion plaintiff cannot at this juncture support such allegation with fact, in light of the fact that the alleged "control" persons comprised a minority of the board at the time the transactions complained of were approved. Accordingly, because the Court finds that plaintiff has failed to sufficiently particularize reasons which would excuse demand, the Court agrees that Count III of the complaint should also be dismissed.

There are also alternative reasons why the Court believes Count III should be dismissed. The thrust of Atkins' allegations of wrongdoing in Count III goes to the directors' breach of their fiduciary duties or other corporate mismanagement. Such claims cannot give rise to an action based upon violation of the federal securities acts. *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977); *Panter v. Marshall Field & Co.*, 646 F.2d 271 (7th Cir.1981), and are cognizable, if at all, only under the substantive state corporation law dealing with mismanagement, fraud and self dealing. Although it is not entirely clear from plaintiff's response to the motions, it ap-

pears to be plaintiff's position that the allegations of Count III are sufficient to state a claim under Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) *et seq.* However, in the Court's opinion plaintiff is mistaken.

 Section 14 of the 1934 Act, 15 U.S.C. § 78n, is, like Section 10(b) upon which Count IV is based, one of the broad antifraud provisions of the Securities Acts designed to prohibit deception or misrepresentation in the securities field. The two provisions and the rules promulgated thereunder are fairly coextensive in their antifraud provision and differ materially only with respect to the "in connection with" language and the culpability required for violation of their provisions. Both provisions require plaintiff to allege fraud, deception, or the making of some material misrepresentation. *See: J.I. Case Co. v. Borak,* 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964); *Cowin v. Bresler, supra; Panter v. Marshall Field, supra; Ruckle v. Roto American Corp.,* 339 F.2d 24 (2nd Cir 1964). In Count III, plaintiff makes no claims of fraud, deception or misrepresentation of any kind. She instead simply alleges corporate misconduct in the purchase of its stock or that the purchase was improvident in some other respect. Such allegations are simply insufficient to invoke federal jurisdiction under the securities laws.

 Finally, Count III of Atkins' complaint, if sufficient to state a claim for corporate mismanagement or breach of fiduciary duty, will be governed by state law. *Cowin v. Bresler, supra; Weiss v. Kay Jewelry Stores, Inc.,* 470 F.2d 1259 (D.C.Cir.1972). Because Tony Lama is incorporated in Texas, the substantive law of that State would govern this Court's disposition of Atkins' state law claims. Thus, even if plaintiff could remedy the deficiencies which exist with respect to plaintiff's failure to excuse demand, this Court would be required to immerse itself in Texas law, a task which in the Court' opinion is better left to the courts of that state. *United Mine Workers of America v. Gibbs,* 383

U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Therefore, for all of the foregoing reasons, the Court finds that Count III should be dismissed.

Count IV of plaintiff's complaint, as noted earlier, is predicated upon alleged violations of Section 10(b) of the 1934 Act and Rule 10(b)(5) promulgated thereunder, and is brought as a derivative claim on behalf of Tony Lama. Defendants have moved to dismiss this claim also, on the basis of Atkins' failure to adequately articulate reasons which would excuse demand upon the Board of Directors. In addition defendants contend that the alleged omissions or misrepresentations of which plaintiff complains are as a matter of law insufficient to support a claim arising under § 10(b) or Rule 10(b)(5). After having examined the allegations of Count IV, the Court is inclined to agree that the allegations of Count IV are deficient in several respects.

The allegations of Count IV of plaintiff's complaint with respect to futility of demand are identical to the allegations contained in Count III. As the Court has already noted, plaintiff's allegations regarding futility of demand fail to be sufficiently particularized so as to enable the Court to infer that the Board of Directors upon whom demand would be made lack the requisite disinterestedness to determine fairly whether the corporate claims should be pursued, or that the directors votes are dominated or controlled by others. Thus, on that basis alone, Count IV is subject to possible dismissal.

Furthermore, the Court has examined the various omissions and misrepresentations which plaintiff contends make the proxy statement defective, and the Court has concluded that much of what is alluded to in Atkins' complaint are not actionable omissions or misrepresentations.

 First, it is clear that the failure to reveal intent or motive, no matter how impure, is not a material fact which must be disclosed in a proxy statement. *Morrissey v. County Towers Corp.,* 559 F.Supp. 1115 (E.D.Mo.), 717 F.2d 1227 (8th Cir.

1983); *Panter v. Marshall Field, supra;* *Dixon v. Ladish Co.,* 597 F.Supp. 20 (E.D. Wis.1984). Thus, defendants' failure to disclose the "real purpose" as in *Morrissey* or the "true reasons" as in *Hecco Ventures v. Avalon Energy Corp.,* 606 F.Supp. 512 (S.D.N.Y.1985) does not give rise to a claim under the federal securities laws. Nor are defendants required to characterize the transaction in question in the same pejorative terms (*i.e.* "scheme") as suggested by plaintiff. *Selk v. St. Paul Ammonia Products, Inc.,* 597 F.2d 635 (8th Cir.1979); *Goldberger v. Baker,* 442 F.Supp. 659 (S.D. N.Y.1977).

Second, upon examination of the proxy statement, many of the alleged omissions of which plaintiff complains, are in fact, addressed in various portions of the proxy statement. For example, plaintiff alleges that the proxy statement fails to disclose that certain officers of the corporation would acquire an interest in the Employee Stock Ownership Plan ("ESOP") and the nature and extent of that interest. Yet, the proxy statement does disclose both the fact and the extent of potential interests in the ESOP and shows the amount of company contributions for various employees including executive officers. Likewise, plaintiff alleges that various facts with respect to J. David Stanford's status as both a director and legal counsel to the corporation were omitted as well as information regarding the participation of his law firm in the acquisition of the shares. However, the Court finds that most of the information which plaintiff contends was omitted is in fact contained in the proxy statement or readily discernable from a reading of the entire proxy statement. Therefore, the Court is not of the opinion that in view of the total mix of information available regarding any particular alleged omission, that the proxy statement is so deceptive so as to prevent the shareholders from seeing clearly the elements of the proposed transaction. *TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976).

Finally, the Court notes that in 10(b)(5) actions there is a "reliance" requirement. That is, it must be shown that the "defrauded" party relied upon the alleged misrepresentations or omissions. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Panter v. Marshall Field, supra.* Here the only alleged omissions or misstatements were in Tony Lama's own proxy statement. Furthermore, plaintiff relies upon the claim that all of the facts concerning the waste and diversion of the corporation's assets were known to the Board of Directors. By definition then, it would appear that Tony Lama, on whose behalf Count IV is brought, and who acted through its allegedly culpable directors, could not have been deceived, and thus could not meet the "reliance" requirement of 10(b)(5). *See, Zilker v. Klein,* 510 F.Supp. 1070 n. 6 (N.D.Ill.1981).

Based upon the foregoing, it would appear that Count IV of Atkins' complaint should also be dismissed, for failure to meet the demand requirement of Rule 23.1, for the reason that, as plead, the "reliance" requirement cannot be met, and for the reason that most, if not all, of the alleged omissions and/or misrepresentations either are not redressable under the securities laws, or are in fact, disclosed in the proxy statement, albeit not in the form plaintiff would have them in. The true thrust of Count IV, as pled, arises out of alleged acts of corporate mismanagement. In fact, that is the gravamen of plaintiff's entire complaint. As such, under the *Santa Fe* rule, the claim is not cognizable under federal law.

However, the Court is mindful of the fact that when ruling upon a motion to dismiss the Court should not grant the motion unless, when read in the light most favorable to the plaintiff, the complaint fails to state any valid claim for relief. In the case *sub judice* Atkins, although not pleading it specifically, has suggested that she is also asserting a claim under § 14(a) of the 1934 Act, 15 U.S.C. § 78 n(a) and Rule 14 (a)(9). Since "reliance" is not a

requirement under that rule, *Cowin v. Bresler, supra,* and since plaintiff has requested leave to amend her complaint, the Court is of the opinion that at this juncture, the interests of justice require this Court to allow plaintiff to amend Count IV of her complaint.

 It should be noted, however, that as plead, Atkins complaint, in this Court's opinion presents precisely the kind of claims the Supreme Court in *Santa Fe* felt should be decided under state corporate law. Therefore, in order to survive any subsequent motions, plaintiff is going to have to allege sufficient facts, consistent with the Court's opinion, from which futility of demand may be inferred. Upon amendment, the Court will then reconsider whether plaintiff's claims of domination or control are sufficient to excuse demand upon the Board of Directors. Furthermore, the Court would call to plaintiff's attention the requirements of Federal Rules of Civil Procedure, Rule 9(b) which requires that in all averments of fraud the circumstances constituting fraud shall be stated with particularity, a requirement which is applicable to claims brought under § 10(b) or § 14(a). *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111 (2nd Cir.1982); *Altman v. Knight,* 431 F.Supp. 309 (S.D.N.Y.1977). Thus, plaintiff is going to have to plead with particularity what act or omissions she alleges were deceptive and misleading in the proxy statement and may not "boot strap" what are essentially claims of corporate mismanagement into federal securities violations.

The Court recognizes that defendants will undoubtably disagree with the Court's disposition of their motions with respect to Count IV. However, the Court is aware that plaintiff has just recently obtained some requested discovery and is of the opinion that plaintiff should be given a reasonable opportunity to amend her complaint so as to allege a valid securities law claim, if in fact she may do so. Therefore, the defendants' motion to dismiss Counts I, II and III of the complaint are hereby GRANTED by reason of the foregoing.

Defendants' motions with respect to Count IV of the complaint is DENIED at this time and plaintiff is given twenty (20) days from the date of this order in which to amend Count IV of her complaint to conform with the Court's order herein.