**Misty GOSSAGE, a/k/a Misty Thompson, Plaintiff,**

v.

**LITTLE CAESAR ENTERPRISES, INC., Defendant.**

**No. IP 87–1188–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Oct. 27, 1988.

Kevin L. Scionti, Roberts & Bishop, Indianapolis, Ind., for plaintiff.

John G. Deckard, Bose McKinney & Evans, Indianapolis, Ind., for defendant.

ENTRY

TINDER, District Judge.

This matter comes before the court on the defendant's Motion for Partial Summary Judgment. In this motion, the defendant Little Caesar Enterprises, Inc. (Little Caesar) moves for partial summary judgment on Counts Three and Four of plaintiff's complaint. Count Three of the complaint alleges that defendant Little Caesar breached a duty of due care owed to an employee by an employer arising from their contractual relationship by accusing her of theft and subsequently suspending and discharging her. Count Four of the complaint requests punitive damages based upon the allegations in Count Three. Both of these counts are before the court on the basis of diversity jurisdiction and are based on the law of the State of Indiana.

## I. BACKGROUND

The facts underlying defendant Little Caesar's summary judgment motion are substantially undisputed. Plaintiff Misty Thompson (Thompson) was employed in June 1986 by Little Caesar, a Michigan corporation operating a chain of pizza restaurants, to work in one of Little Caesar's Indiana stores as a general laborer and cashier. At the time Thompson was hired, she executed the portion of Little Caesar's employee orientation handbook that explained that her compensation and employment could be terminated, with or without cause or notice, at any time by either her or Little Caesar. Thompson was subsequently enrolled in a management training program at which time she executed a non-disclosure document that also contained a similar employee-at-will provision.

In August 1986, Little Caesar's management suspected Thompson in the theft of company funds. Thompson underwent a polygraph examination and a voice stress test. There is a dispute about the validity and weight to be given to the outcome of these tests. Nonetheless, Thompson was terminated in September 1986.

Plaintiff Thompson filed an action against Little Caesar requesting damages under Indiana tort law. Plaintiff Thompson acknowledges that she was hired by defendant Little Caesar as an employee-at-will. Thus, she does not challenge her termination by seeking a remedy under the employment contract or by claiming wrongful discharge. Plaintiff Thompson challenges her treatment by defendant Little Caesar. She argues that Indiana tort law should recognize a new duty of due care owed by an employer to an employee-at-will arising from their contractual relationship and rendering the employer liable for damages for the negligent breach of such a duty.

Plaintiff Thompson cites two cases that have recognized such a cause of action in negligence for terminated employees: *Chamberlain v. Bissell, Inc.*, 547 F.Supp. 1067 (W.D.Mich.1982) and *Crenshaw v. Bozeman Deaconess Hospital*, 693 P.2d 487 (Mont.1984).

In *Crenshaw*, an employee-at-will sued her former employer alleging that the employer was negligent and violated a duty of due care and fair dealing by discharging the plaintiff. In affirming a jury verdict for the plaintiff, the Supreme Court of Montana held that the jury had been properly instructed with respect to the negligence theory.

In *Chamberlain*, a supervisory employee who had worked for 23 years at Bissell was fired following a period in which his performance and attitude had declined steadily after he was not promoted. The district court in Michigan held, among other things, that the plaintiff had been properly discharged for "just cause" under Bissell's guidelines. The court went on to hold, however, that Bissell had been negligent by failing to inform the plaintiff during a regular performance review—a review that Bissell was contractually obligated to conduct—that his termination was being considered unless his performance improved. The court explained the negligence cause of action as follows:

There is a well settled principal [sic] in Michigan, as well as other jurisdictions, that a duty of ordinary care arises from the *performance* of a contractual obligation. *Hart v. Ludwig*, 347 Mich. 559, 79 N.W.2d 895 (1956); *Clark v. Dalman*, 379 Mich. 251, 150 N.W.2d 755 (1967); *Hanft v. Southern Bell Tel. & Tel. Co.*, Fla.App., 402 So.2d 453 (1981); *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980). Thus, while a complete failure to perform a contractual obligation may be actionable only as a breach of contract, the negligent *performance* of the obligation is actionable as a tort. The fact that no actionable breach of contract may have occurred does not preclude a finding that the performance of a contractual undertaking has been negligent and resulted in harm to the other contracting party or to a third person. The duty of ordinary care is distinct from the duty to perform, as explained in *Hart v. Ludwig*:

"The action of tort has for its foundation the negligence of the defendant,

and this means more than a mere breach of a promise....

"As a general rule, there must be some active negligence or misfeasance to support tort. *There must be some breach of duty distinct from breach of contract.*"

[emphasis supplied] *Hart v. Ludwig, supra* [347 Mich.] at 563, 79 N.W.2d 895, quoting from *Tuttle v. Gilbert Manu. Co.,* 145 Mass. 169, 13 N.E. 465.

*Chamberlain,* 547 F.Supp. at 1081.

This action was removed to district court pursuant to 28 U.S.C. § 1441(a) (1973) based upon diversity jurisdiction. Plaintiff Thompson is a citizen of Indiana, and defendant Little Caesar is incorporated in Michigan with its principal business offices in Michigan. The amount in controversy exceeds $10,000. *See* 28 U.S.C. § 1332(a) (1973).

■ The substantive law to be applied by this court in this action is state law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In determining whether Michigan law or Indiana law should be followed, this court must apply the choice-of-law rules of the state in which this court is sitting, i.e., Indiana. *See, e.g., Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Baltimore Orioles, Inc. v. Major League Baseball Players,* 805 F.2d 663, 681 (7th Cir.1986) *cert. denied* 480 U.S. 941, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987); *Sarnoff v. Am. Home Prods. Corp.,* 798 F.2d 1075, 1080 (7th Cir.1986); *Mucha v. King,* 792 F.2d 602, 604 (7th Cir.1986).

In determining choice of substantive law in tort cases, the Supreme Court of Indiana has adopted a two-step rule. The first step is to consider the connection between the place of the tort and the legal action. If the contact is significant, the traditional rule of lex loci delecti—the law of the place where the tort occurred—will be applied. If the place of the tort is insignificant and bears little connection to the legal action, then other factors may be evaluated such as the following:

1) the place where the conduct causing the injury occurred;

2) the residence or place of business of the parties; and

3) the place where the relationship is centered.

*Hubbard Mfg. Co., Inc. v. Greeson,* 515 N.E.2d 1071 (Ind.1987); *Gollnick v. Gollnick,* 517 N.E.2d 1257 (Ind.App.1988).

In this action, the alleged tortious breach arising from the employment relationship occurred in Indiana and was not a fortuitous or transitory contact. The place of the alleged tort is significant and is also the place with the most contacts. Thus, the traditional rule of lex loci delecti serves well, and Indiana law governs this action. Furthermore, neither party argues otherwise so it is assumed that the substantive law of the forum controls. *See Nat'l Ass'n of Sporting v. F.T.L. Mktg. Corp.,* 779 F.2d 1281 (7th Cir.1985).

## II. DISCUSSION

■ Neither Indiana courts nor the state legislature has recognized such a cause of action arising in tort, though plaintiff Thompson urges this court to adopt this new theory.

In Indiana, the general rule governing oral and written employment contracts is settled. If the tenure of service is not determined by the terms of the contract, it is a contract at-will and the employee may be terminated at any time by either party. *E.g., Pepsi–Cola Gen. Bottlers, Inc. v. Woods,* 440 N.E.2d 696 (Ind.App.1982). Limited exceptions exist to the employment-at-will doctrine, for example, where the employee is discharged solely for exercising a right conferred by a statute, constitution or other positive law. *E.g., Morgan Drive Away, Inc. v. Brant,* 489 N.E.2d 933 (Ind.1986); *Frampton v. Cent. Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973); *see also, McClanahan v. Remington Freight Lines,* 517 N.E.2d 390 (Ind. 1988) (employment-at-will doctrine does not preclude an action by employee who was terminated for refusing to violate a statutorily-imposed duty); *Romack v. Pub. Serv. Co. of Indiana,* 511 N.E.2d 1024 (Ind.1987) (an employee knowingly hired from a job

where he could be terminated for "just cause" could only be terminated under those conditions if there was evidence that he accepted the new employment only under that same condition).

As plaintiff readily admits, she was an employee-at-will and thus, there was no actionable breach of contract. Plaintiff argues that the reasoning in *Chamberlain* should be adopted to allow an action in tort for the employer's negligent performance. The decision in *Chamberlain*, however, has been questioned and criticized by federal courts applying Michigan, Massachusetts and Wisconsin law. In *Brock v. Consolidated Biomedical Laboratories*, 817 F.2d 24 (6th Cir.1987), the court applied Michigan law and dismissed the argument that negligent performance of a contract may constitute a tort. As set forth in *Chamberlain*, the court stated that there must be a breach of duty distinct from the breach of contract to support a negligence claim.

In *Shaver v. F.W. Woolworth Co.*, 669 F.Supp. 243 (E.D.Wis.1986), the district court applied Wisconsin law and rejected *Chamberlain* as authority applicable under the *Erie* doctrine. *See also, Haas v. Montgomery Ward and Co.*, 812 F.2d 1015 (6th Cir.1987); *Treadwell v. John Hancock Mut. Life Ins. Co.*, 666 F.Supp. 278 (D.Mass.1987).

While Indiana courts have not specifically addressed *Chamberlain*, they have not recognized a duty of good faith and fair dealing in the context of wrongful discharge. *See, Campbell v. Eli Lilly & Co.*, 413 N.E.2d 1054, 1066–67 (Ind.App.1980); *see also, Perry v. Hartz Mountain Corp.*, 537 F.Supp. 1387, 1390 (S.D.Ind.1987).

## III. CONCLUSION

This court must decide defendant's motion based upon Indiana law under the principles of the *Erie* doctrine. The facts are undisputed and the question of law is clear. There is no evidence that Indiana courts are on the brink of recognizing a negligence cause of action similar to the *Chamberlain* holding. Furthermore, several other jurisdictions that have addressed *Cham-*

*berlain* have criticized or questioned it as authority. This court lacks authority to recognize a new cause of action under Indiana tort law and rejects *Chamberlain* as applicable authority under the *Erie* doctrine and Indiana's choice of law rule. *Cf. Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Illinois Nat'l Bank and Trust Co., et al.*, 858 F.2d 1264, 1267–70 (7th Cir.1988) ("We cannot extend Illinois law as Indeca [plaintiff-appellant] would like. Such a decision is for the courts of Illinois and not for a federal court sitting in diversity.").

Count Four of the complaint requesting punitive damages based upon the allegations in Count Three need not be addressed since Count Three does not allege a recognized cause of action. The punitive damage claim must fail because there is no underlying tortious support for the award of exemplary damages.

The summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue of material fact or in which only a question of law is involved. Fed.R.Civ.P. 56. Therefore, the defendant's Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED.