**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORIA MARQUEZ,

        Plaintiff-Appellant,

v.

HARBORVIEW MEDICAL CENTER,

        Defendant-Appellee.

No.    18-35158

D.C. No. 2:16-cv-01450-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted April 9, 2019
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Gregoria Marquez appeals the district court's grant of summary judgment

for Harborview Medical Center on Marquez's claims for (1) age discrimination

under Washington law; (2) whistleblower retaliation under Washington law; (3)

breach of contract; (4) wrongful discharge; (5) defamation; and (6) constitutional

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violations under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's grant of summary judgment as to each of

the six claims and we affirm. To the extent Marquez waived review of three of the

claims by failing to raise them in her opening brief, we exercise our discretion to

review those claims. *Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003).

Because the parties are familiar with the facts of the case, we do not recite them

here except as necessary to explain our analysis.

<u>Age Discrimination</u>

Washington courts employ the three-step *McDonnell Douglas* burden

shifting analysis in employment discrimination cases. *Mikkelsen v. Pub. Util. Dist.*

*No. 1 of Kittitas Cty.*, 404 P.3d 464, 470 (Wash. 2017). Harborview does not

contest that Marquez established a prima facie case at the first step. *See id.*

At the second step, the employer must "articulate a legitimate,

nondiscriminatory reason for the adverse employment action." *Id.* at 471. Here,

Harborview asserts it fired Marquez because of her repeated violation of the non-

retaliation policy. Marquez admits to receiving notice of the policy and to

confronting co-workers in violation of its directives. The record contains no

evidence to support Marquez's speculation that the policy itself was a sham. It was

written by a human resources consultant who testified that she frequently used the

2

language in warnings to employees.  It was not created ex post facto, nor did it target behavior specific to Marquez.  There is no genuine dispute of material fact that Harborview had a "legitimate, nondiscriminatory reason" to fire Marquez.

At the third step, the burden shifts back to Marquez to show that the reason Harborview gave was pretextual.  "To survive summary judgment, the employee needs . . . to present evidence sufficient to create a genuine issue of material fact whether discrimination was a substantial factor in an adverse employment action." *Mikkelsen*, 404 P.3d at 474 (internal quotations omitted).  Marquez has offered insufficient evidence to allow a reasonable jury to conclude that age discrimination was a "substantial factor" in the decision to terminate her.  *See id.*

### Retaliation for Whistleblowing

To make out a prima facie case under Washington's whistleblower statute, a plaintiff must show that: "(1) he or she engaged in statutorily protected activity, (2) an adverse employment action was taken, and (3) there is a causal link between the employee's activity and the employer's adverse action." *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1191 (Wash. 2000).  It is undisputed that Marquez engaged in two protected activities: (1) the 2011 timesheet complaint and (2) the 2013 preferential treatment complaint.  It is also undisputed that

Harborview took an adverse employment action against Marquez in April 2014 when it terminated her employment.

A "causal link" exists if a protected act was "at least a substantial factor" in an employee's termination. *Francom*, 991 P.2d at 1191. Marquez is unable to point to any evidence beyond her own suspicions that either complaint was a "substantial factor" in her termination decision. The 2011 complaint preceded Marquez's termination by three years. The 2013 complaint preceded the termination by almost a year and post-dated the start of Harborview's concerns about Marquez's violations of its non-retaliation policy.

Even if Marquez makes out a prima facie case, the analysis then proceeds to a burden-shifting test for pretext similar to discrimination claims. *Cornwell v. Microsoft Corp.*, 430 P.3d 229, 234 (Wash. 2018). Under this analysis, Marquez has not shown a genuine dispute of material fact as to whether Harborview's reason for terminating her was pretextual. Harborview fired her only after repeated warnings that continued confrontation of co-workers would result in disciplinary action and after receiving numerous reports that co-workers feared Marquez. "[W]hen the employee's evidence of pretext is weak or the employer's nonretaliatory evidence is strong, summary judgment is appropriate." *Milligan v. Thompson*, 42 P.3d 418, 424 (Wash. Ct. App. 2002).

4

## Breach of Contract (Negligent Investigation)

Contrary to the district court's analysis, Marquez's claim for "negligent investigation" is not barred by *Lambert v. Morehouse*, 843 P.2d 1116 (Wash. 1993). Marquez was not an at-will employee and so the restriction on negligent investigation *tort* claims from *Lambert* does not apply. Instead, Marquez's claim sounds in contract. Washington law recognizes that, for employees who can be fired only for "just cause," the employer's stated ground for termination must be "reasonable and supported by substantial evidence at the time of termination." *Gaglidari v. Denny's Restaurants, Inc.*, 815 P.2d 1362, 1369 (Wash. 1991).

Harborview's reason for firing Marquez—her repeated violation of the non-retaliation policy—was "reasonable and supported by substantial evidence at the time of termination." *See id.* Marquez argues that her behavior was not retaliatory, relying heavily on deposition testimony from Theresa Valdez. From the perspective of management, however, several employees, including Valdez, sent emails that they were afraid of Marquez following her confrontations of them. If one of these employees now characterizes their interactions differently, that information was not available to management "at the time of termination." *See id.*

## Wrongful Termination

This claim is duplicative of the breach of contract and retaliation claims.

## Defamation

Marquez's defamation claim is grounded in the "allegations that [Marquez] had hospital documents in her private vehicle." Under Washington defamation law, "intracorporate communications" are protected by a qualified privilege where they are made in the ordinary course of business and are not made with actual malice. *Woody v. Stapp*, 189 P.3d 807, 810 (Wash. Ct. App. 2008).

The allegations against Marquez were made as part of a misconduct investigation, which is in "the ordinary course of business." *See id.* For any statements made outside the ordinary course of business, Harborview Medical Center would not be the appropriate defendant. *See Dickinson v. Edwards*, 716 P.2d 814, 820 (Wash. 1986) (noting that, under Washington law, vicarious liability is only available if "the employee was acting within the scope of his employment."). Additionally, Marquez has offered no evidence that either Valdez or Newcomb "had knowledge of the statement's falsity and . . . recklessly disregarded this knowledge." *See Woody*, 189 P.3d at 810.

## 42 U.S.C. § 1983

Section 1983 authorizes suit against "Every *person* who, . . . subjects" another person to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "States or governmental entities

6

that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under section 1983 and cannot be sued under that section. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

Harborview is an "arm of the State" and therefore not a "person" within the meaning of 42 U.S.C. § 1983. *See Hontz v. State*, 714 P.2d 1176, 1180 (Wash. 1986). Any statutory provisions waiving Washington State's sovereign immunity from suit are irrelevant to whether an entity is a "person" for purposes of section 1983. *Cf. Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). The scope of liability under section 1983 is a separate inquiry from the scope of a State's immunity, even if both rely on Eleventh Amendment jurisprudence defining an "arm of the State."

**AFFIRMED.**